IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS WILSON, as Special Administrator of the Estate of STEVEN LEVERENZ, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-CV-06123 |
| JOHN SUTTER, JASON HOSELTON, and the VILLAGE OF CRESTWOOD | ) ) ) | Honorable David H. Coar |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Doris Wilson, as special administrator of the estate of Steven Leverenz, brings an action against Defendants John Sutter, Jason Hoselton, and the Village of Crestwood for civil rights violations pursuant to 42 U.S.C. §1983. Before this Court is Defendants' motion to dismiss Count VI of Plaintiff's second amended complaint, a malicious prosecution claim. For the reasons stated below, the motion is DENIED.

I.  Background

Plaintiff alleges that on July 8, 2007, at approximately 3:30 a.m., Steven Leverenz was assaulted by a group of teenagers. While fleeing from his assailants, Leverenz sought help from a

nearby stopped squad car, occupied by Defendant Crestwood police officers John Sutter and Jason Hoselton. The complaint alleges that the vehicle moved and hit him, smashing Leverenz's face against the windshield and his knee against the side mirror.

After the collision, Officers Sutter and Hoselton repeatedly ordered Leverenz to stand up and put his hands behind his back. Leverenz explained that, due to his pain and injuries, he was unable to comply with their orders. Leverenz repeatedly requested medical attention and attempted to crawl away when he realized none was forthcoming. At this point, Officers Sutter and Hoselton allegedly grabbed Leverenz and forced him flat on the ground. They allegedly threw Leverenz into their car and transported him to the Village of Crestwood Police Station, where an ambulance delivered him to Palos Community Hospital for treatment before returning him to the station.

After Leverenz bonded out of custody, Plaintiff alleges that Defendants fabricated a "wildly unbelievable story" and false arrest report to divert attention away from their misconduct. Specifically, Defendants attempted to bring felony charges of resisting arrest and criminal damage of public property against Leverenz. Officer Sutter allegedly convinced the Assistant State's Attorney to reinstate the charges after he failed to appear in court. The charges were ultimately dismissed.

Plaintiff alleges that Leverenz sustained permanent injuries from the collision, resulting in the loss of his job and his inability to obtain new employment at his former salary level. Plaintiff filed a six-count complaint alleging excessive force (Count I), denial of medical attention (Count II), failure to intervene (Count III), unlawful seizure (Count IV), conspiracy

(Count V), malicious prosecution (Count VI), and indemnity (Count VII).[1] On September 9, 2009, this Court dismissed Counts III and V of Plaintiff's complaint, in accordance with an agreed stipulation of the parties. Defendants now file a 12(b)(6) motion to dismiss Count VI.

## II. Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996). To survive the motion, a complaint need only describe the claim in sufficient detail to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff's factual allegations must suggest a plausible, rather than merely speculative, entitlement to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*, 550 U.S. at 555. In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## III. Analysis

Defendants argue that Count VI must be dismissed because Plaintiff may not properly state a claim for malicious prosecution under 42 U.S.C. § 1983. Indeed, the Seventh Circuit has concluded that no constitutional tort of malicious prosecution exists where, as in Illinois,

---

[1] The final count is labeled as Count VIII in the second amended complaint. The Court interprets this as a typographical error and will refer to the final count as Count VII.

3

state law provides remedies for wrongful prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (interpreting *Albright v. Oliver*, 510 U.S. 266 (1994)). In order to state a § 1983 claim, Plaintiff must allege the violation of a constitutional right, such as the right to a fair trial. *Penn v. Harris*, 296 F.3d 573 (7th Cir. 2002). The federal Constitution recognizes no right to be free from prosecution without probable cause. *Newsome,* 256 F.3d at 751.

Plaintiff concedes that malicious prosecution claims cannot be raised under 42 U.S.C. § 1983. However, she contends that, despite the complaint's misleading heading,[2] the intent of the second amended complaint was to assert a state law claim for malicious prosecution. Alternatively, Plaintiff argues that Count VI should survive a motion to dismiss regardless of an improper legal basis, since the underlying facts can be construed to support a valid state law claim.

The Seventh Circuit has ruled that a plaintiff is not bound by the legal characterizations of claims made in the complaint. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Specifying an incorrect legal theory in one's complaint is therefore not fatal. *Id.* When responding to a motion to dismiss, however, a plaintiff must identify a legal basis for the claim at issue and make adequate legal arguments in support of it. *Kirksey v. R. J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

Whether the legal mischaracterization of Plaintiff's malicious prosecution claim was a product of typographical or substantive error, Plaintiff corrected it by pleading responsively to Defendants' motion to dismiss. In her response, Plaintiff identifies the state law claim of malicious prosecution as the legal theory behind the facts alleged in Count VI. In Illinois, a

---

[2] Count VI of the Plaintiff's Second Amended Complaint reads, "Count 6 – 42 U.S.C. § 1983 Malicious Prosecution."

plaintiff must plead the following five elements when stating a claim for malicious prosecution: (1) the commencement or continuance of a judicial proceeding by defendants; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009).

Plaintiff has satisfied these elements. The second amended complaint alleges the following: based on a fabricated story contrived by Officers Sutter and Hoselton, Officer Sutter filed false criminal charges against Leverenz; the charges were ultimately dismissed in Leverenz's favor; there was no basis in the law for the initiation of the proceedings; the charges were filed in a malicious attempt to divert attention from the officers' own misconduct; and Leverenz incurred damages in the form of severe injuries, including emotional and physical damage, lost wages, loss of livelihood, and legal fees.

Because Plaintiff's factual allegations in Count VI plausibly support a state law malicious prosecution claim for which she would be entitled to relief, the Court will construe it as such. For the sake of clarity, however, the Court strikes the language in the complaint indicating that Count VI is brought under 42 U.S.C. § 1983.

The Court also elects to exercise supplemental jurisdiction over this state law claim pursuant to Title 28 U.S.C. § 1367(a). The Seventh Circuit finds supplemental jurisdiction over state claims where "the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). Supplemental jurisdiction is proper here, where the same events and conduct giving rise to Counts I, II, IV, and VII also give rise to Count VI.

5

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **September 25, 2009**